UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AARON GARRETT, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 1:18-cv-00737-SEB-MJD |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Petitioner Aaron Garrett for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Background

On August 12, 2015, Garrett was charged in a nine-count multi-defendant Indictment. Garrett was charged with one count of conspiracy to possess with intent to distribute, and distribute more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 2); two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 3 and 5); and one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 4).

On September 22, 2016, Garrett filed a petition to enter a plea of guilty and plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *United States v. Garrett,* 1:15-cr-153-SEB-TAB-2, (hereinafter "Crim. Dkt."), Crim. Dkt. 153. The parties agreed that Garrett would plead guilty to Counts 1 and 3 of the Indictment and the government would move to dismiss the remaining counts. *Id.* at ¶ 1. The parties agreed to a term of imprisonment between 180 and 204 months. *Id.* at ¶ 7.

In exchange for the concessions made by the government, Garrett waived his right to appeal the conviction and sentence imposed on any ground, providing the Court imposed a sentence between 180 and 204 months' imprisonment. *Id.* at ¶ 18. Garrett also waived his right to contest, or seek to modify, his conviction or sentence or the manner in which either was determined in any proceeding, including an action under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. *Id.* at ¶ 19.

The presentence report ("PSR") calculated the sentencing guidelines range for Count 1 as 120 to 150 months. PSR, Crim. Dkt. 185 at ¶ 83. The mandatory sentence for Count 3 is 60 months consecutive. PSR at ¶ 84. Neither party filed any objections to the PSR.

In the plea agreement, the parties stipulated to the facts of the case. Crim. Dkt. 153 at ¶¶ 12-14. These facts reflected that the crimes occurred in Indianapolis, Indiana. This Court accepted Garrett's guilty plea and sentenced him to 16 years' imprisonment (192 months). Garrett made no objections during the plea and sentencing hearing.

The judgment and commitment order was filed on March 3, 2017. Abiding by the terms of the plea agreement, Garrett did not file an appeal.

On March 8, 2018, Garrett filed a motion to vacate under 28 U.S.C. § 2255. Dkt. 1-2. Garrett claims that this Court did not have jurisdiction to issue the Indictment in his case, he was denied the opportunity to challenge the competency of the Grand Jury and that his guidelines calculation included an improper enhancement for possessing a firearm on May 7, 2015. *Id.* The United States responded and no reply was filed.

### III. Discussion

Garrett's primary argument is that the judgment in his criminal case, 1:15-cr-153-SEB-TAB-2 should be vacated because this Court lacked territorial jurisdiction over his criminal trial.[1] He argues that subject matter jurisdiction is insufficient, and that the Indictment must also allege that the geographical location at issue is within the exclusive jurisdiction of the federal government. For the reasons explained below, the Court had jurisdiction over Garrett's criminal case and his remaining claims are barred by the collateral attack waiver in his plea agreement.

---

[1] In support of this argument he lists other federal provisions including: Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendments; "Fair Notice Doctrine", Articles I and IV of the U.S. Constitution, and Title 40 U.S.C. § 3112(b). None of these undeveloped references entitle Garrett to the relief he seeks.

### A. Jurisdiction

Garrett claims that this Court lacked jurisdiction to charge him in the Indictment. This jurisdictional challenge is frivolous. *United States v. Mosely*, 186 F. App'x 670, 671–72 (7th Cir. 2006) ("[Mosely, pro se,] proposes a single argument of his own: that the indictment must be dismissed because he was denied a hearing on the question whether 'the "United States" has territorial jurisdiction over the exact location where the alleged "laws of the United States" were violated.' We have explicitly held that such arguments are frivolous."); *United States v. Banks–Giombetti*, 245 F.3d 949, 953 (7th Cir. 2001) ("[Defendant's] challenge to the federal territorial jurisdiction of the district court is frivolous and requires no further discussion.").

The territorial jurisdiction of the United States is defined as "all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone." 18 U.S.C. § 5. United States district courts have been vested with original jurisdiction, "exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Although Garret argues otherwise, the jurisdiction of the United States need not be exclusive before "territorial" jurisdiction attaches. The fact that states enjoy sovereignty within their boundaries does not prevent the United States from having concurrent jurisdiction for federal crimes committed within those same boundaries. *United States v. Khan*, No. 15-CR-00286, 2017 WL 2362572, at *23 (N.D. Ill. May 31, 2017) (discussing Enclave Clause of Article I, Section 8, Clause 17) (citing *United States v. Morrison*, 529 U.S. 598, 608-09 (2000)).

Here, Garrett was charged with a crime against the United States pursuant to a valid congressional enactment (i.e. 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 924(c)(1)(A)), and it is undisputed that the crime occurred in the Southern District of Indiana, which is part of the United States. The alleged "territorial" jurisdiction deficiencies alleged by Garrett do not exist.

*See United States v. Krilich*, 209 F.3d 968, 972 (7th Cir. 2000) ("The subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.") No relief is warranted on this basis.

    **B. Collateral Attack Waiver.**

Garrett also argues that the Indictment is defective because he did not have notice that the Grand Jury was investigating him and he was not given the opportunity to challenge the qualifications or competency of the Grand Jury array or individual Grand Jurors during the selection process. In addition, he claims that his sentencing guidelines were miscalculated. In response, the United States argues that Garrett is not entitled to relief because his claims are barred by a valid plea waiver.

Garrett agreed, both in writing and on the record, that if the Court accepted the terms of the Rule 11(c)(1)(C) plea agreement and sentenced him to 180 to 204 months' imprisonment, he waived his right to challenge his conviction or sentence on any grounds except ineffective assistance of counsel in a Section 2255 motion.

"A waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled." *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001). The rule in this circuit is firmly established that the waiver of the right to file a § 2255 motion shall, with only limited exceptions, be strictly enforced. *United States v. Smith*, 759 F.3d 702, 706-07 (7th Cir. 2014); *United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2002); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 1996).

"[A] waiver [of appeal or of post-conviction relief rights] stands or falls with the plea

bargain of which it is a part." *Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008).

Plea agreements are construed "according to the ordinary principles of contract law, but with a heightened obligation both to secure for defendants the benefits of their negotiation and to restrict only those rights they properly relinquished." *Cross v. United States*, 892 F.3d 288, 298 (7th Cir. 2018). "That an appeal waiver does not bar claims outside its scope follows from the fact that, '[a]lthough the analogy may not hold in all respects, plea bargains are essentially contracts.'" *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (quoting *Puckett v. United States*, 556 U.S. 129, 137 (2009)). In addition, some claims are unwaivable. "Most fundamentally, courts agree that defendants retain the right to challenge whether the waiver itself is valid and enforceable—for example, on the grounds that it was unknowing or involuntary." *Id.* at 745.

The collateral attack waiver in Garrett's plea agreement states in relevant part:

> Additionally, in the event the Court accepts this Rule 11(c)(1)(C) plea provided for in this Plea Agreement and sentences the defendant consistent with this agreement, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. . . . As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

Plea Agreement, Crim. Dkt. 153 at ¶ 19.

Garrett received concessions from the government for signing the plea agreement. He received a sentence far less than he could have received had he chose not to accept the plea agreement because the government moved to dismiss additional counts that would have led to a substantially higher sentence if he were convicted of those counts. He avoided a second § 924(c)(1)(A) charge that could have led to a consecutive mandatory minimum sentence of twenty-five years' imprisonment. *See* 18 U.S.C. § 924(c)(1)(A).

This Court found, when it accepted Garrett's plea of guilty, that the plea was entered knowingly and voluntarily. The transcript reflects the following:

> THE COURT: It is the finding of the Court in the case of United States of America versus Aaron Garrett, that Mr. Garrett is fully competent and capable of entering an informed plea, that he's aware of the nature of the charges and the consequences of his plea, that his plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. His plea is therefore accepted and he's now adjudged guilty of these two offenses to which he's entered his plea, namely Counts 1 and 3 of the Indictment.

Plea and Sentencing Hearing Transcript, Crim. Dkt. 231 at p. 29-30.

Garrett does not dispute that he was competent to enter into the plea agreement and that his plea was knowingly and voluntarily made. Thus, Garrett's collateral attack waiver applies. Garrett waived his right to right to contest his sentence in any post-conviction relief proceeding, including one commenced pursuant to § 2255 on any grounds expect ineffective assistance of counsel. No ineffective assistance of counsel claims have been raised in this case that would permit a § 2255 motion. Accordingly, Garrett's § 2255 motion is barred by the collateral attack waiver in his plea agreement and no further discussion is warranted.

## IV. Conclusion

For the reasons explained in this Order, Garrett is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in 1:15-cr-153-SEB-TAB-2.** The motion to vacate (Crim. Dkt. 229) shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Garrett has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/13/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AARON GARRETT
12832-028
LEE – USP
LEE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 305
JONESVILLE, VA 24263

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov